**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 19-23985-CIV-MARTINEZ/AOR**
**(Case No. 18-20270-CR-MARTINEZ)**

KYUQ SIK KIM

  Petitioner,

v.

UNITED STATES OF AMERICA,

  Respondent.

_____/

## REPORT AND RECOMMENDATION

  THIS CAUSE came before the Court upon Movant Kyuq Sik Kim's ("Petitioner" or "Kim") Verified Motion to Vacate, Correct, or Set Aside, or Correct Petitioner's Sentence Pursuant to 28 U.S.C. § 2255 (hereafter, "Motion to Vacate") [D.E. 1].  This matter was referred to the undersigned pursuant to 28 U.S.C. § 636 by the Honorable Jose E. Martinez, United States District Judge [D.E. 7].  For the reasons stated below, the undersigned RESPECTFULLY RECOMMENDS that the Motion to Vacate be DENIED.

## THE UNDERLYING CRIMINAL CASE

  On April 6, 2018, Kim was charged by way of Indictment in Case No. 18-20270-CR-MARTINEZ (hereafter, "Case 18-20270") with committing the following offenses on March 22, 2018:

Count 1:  Maintaining a Drug-Involved Premises, in violation of 21 U.S.C. § 856(a)(1).

Count 2:  Possession with intent to distribute methamphetamine, MDMA and cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii), and 841(b)(1)(C).

Count 3:    Possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i).

Count 4:    Attempted possession with intent to distribute MDMA, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 846.

See Indictment [Case 18-20270, D.E. 12].

On April 11, 2018, Kim was arraigned on the Indictment, with Frank Rubino, Esq. ("Attorney Rubino") appearing as permanent counsel [Case 18-20270, D.E. 13, 14].

On July 20, 2018, Kim pled guilty to Count 2 of the Indictment, pursuant to a plea agreement.  See Minute Entry [Case 18-20270, D.E. 22]; Plea Agreement [Case 18-20270, D.E. 24]; Factual Proffer [Case 18-20270, D.E. 23].

In the Plea Agreement, the government agreed to dismiss Counts 1, 3 and 4 at the time of sentencing, and to recommend a three-level reduction to the applicable sentencing guideline level. See Plea Agreement [Case 18-20270, D.E. 24 ¶¶ 1, 7].   As acknowledged in the Plea Agreement, Count 2 carries a ten-year minimum mandatory term of imprisonment.  Id. ¶ 4.

During the course of the change of plea hearing, the Court thoroughly covered with Kim the terms of his Plea Agreement and the facts set forth in the Factual Proffer.  See Transcript of Change of Plea Hearing (hereafter, "Plea Transcript") [Case 18-20270, D.E. 37].  Additionally, the Court engaged in the following colloquy with Kim:

THE COURT: Have you had the opportunity to fully discuss these charges, and the case in general, with your attorney?

THE DEFENDANT: Yes.

THE COURT: Are you fully satisfied with the representation and advice given to you in this case by your attorney?

THE DEFENDANT: Yes.

THE COURT: Mr. Rubino, are you satisfied that your client understands these proceedings?

MR. RUBINO: Yes sir, I am.

*** 

THE COURT: Do you understand, sir, that any recommendations that are made to me are just that, recommendations, and I don't have to accept them?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Do you understand that if I don't accept any recommendations, whether they be oral or in the plea agreement or anywhere else, you will still be bound by your plea and have no right to withdraw it?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Other than what's contained in these eight pages, is there any other or different promises or assurances made to you of any kind in an effort to induce you to enter a plea of guilty?

THE DEFENDANT: No, Your Honor.

THE COURT: Has anybody in any way attempted to force you to plead guilty, threatened or coerced you?

THE DEFENDANT: No, Your Honor.

THE COURT: Do you understand that if the sentence is more severe than you expected it to be, you will still be bound by your plea and have no right to withdraw it?

THE DEFENDANT: Yes, Your Honor.

Id. at 5, 17-18.

On September 21, 2018, Kim was sentenced to a term of imprisonment of 120 months, as to Count 2. See Minute Entry; Judgment [Case 18-20270, D.E. 32, 33]. Attorney Rubino initially objected to the Presentence Investigation Report's ("PSI") two-point upward adjustment to the sentencing guideline level, which was based on the charge of maintaining a drug-involved premises set forth in Count 1. See Transcript of Sentencing Hearing (hereafter, "Sentencing

Transcript") [Case 18-20270, D.E. 38 at 3].   Attorney Rubino based his objection on the government's agreement to dismiss Count 1, pursuant to the Plea Agreement.  Id.[1]  Attorney Rubino acknowledged, however, that even if his objection were sustained, the low end of the guideline sentencing range would be 121 months; and that the government had stipulated to the mandatory minimum sentence of 120 months applicable to Count 2, as to which Kim had pled guilty.  Id.[2]  Once the Court agreed to adopt the parties' joint recommendation for a sentence of 120 months, based on consideration of all of the factors set forth in 18 U.S.C. § 3553, Attorney Rubino withdrew his objection.  Id. at 4-5.  Attorney Rubino also alerted the Court that "the PSI clearly indicates that this Defendant is a drug addict," to which the Court responded, "Yeah, I'll take care of that."  Id. at 8.   Ultimately, the Court imposed the following sentence:

> The Court has considered the statements of all the parties, the presentence report which contains the advisory guidelines, and the statutory factors as set forth in 18 USC section 3553(a).
> A sentence will be imposed below the advisory guideline range as I believe this will provide sufficient punishment and deterrence.
>
> ***
>
> It is the judgment of the Court that the Defendant Kyuq Sik Kim is committed to the Bureau of Prisons to be imprisoned for 120 months as to Count 2. I will recommend to the Bureau of Prisons that he be incarcerated as close to Queens, New York as is possible, commensurate with his background and the offense of which he stands convicted. I'll also recommend that the Bureau of Prisons screen the Defendant for substance abuse problems, and refer him to participate in an appropriate drug education treatment program by the Bureau of Prisons, which may include placement in the Residential Drug Abuse Treatment Program, that is the 500-hour drug treatment program, at a designated Bureau of Prisons institution.

Id. at 9.

---

[1] The PSI also included a two-level enhancement for firearm possession and a three-level reduction for acceptance of responsibility pursuant to the Plea Agreement. See PSI [Case 18-20270, D.E. 27 at 11].  There is no indication on the Sentencing Transcript that Attorney Rubino objected to the firearm enhancement.

[2] After applying the enhancements for drug-involved premises and firearm possession and the reductions for acceptance of responsibility, the PSI guideline range was 135 to 168 months.  See PSI [Case 18-20270, D.E. 27 at 10-11]; Sentencing Transcript [Case 18-20270, D.E. 38 at 4].

**THE MOTION TO VACATE**

In his Motion to Vacate, Kim seeks to vacate his plea, conviction and sentence on the grounds that he received ineffective assistance of counsel in violation of the Sixth Amendment to the United States Constitution.  See Motion to Vacate [D.E. 1 at 1].  Specifically, Kim argues that Attorney Rubino: (1) promised Kim that he could participate in the Bureau of Prisons' Residential Drug Abuse Program ("RDAP"), but that this was untrue based on the issuance of a firearm enhancement in the PSI;[3] and (2) that Attorney Rubino falsely promised Kim that he would not receive a two level enhancement for maintaining a drug-involved premises.  Id. at 1-2.  Kim claims that, based on these promises, he entered a guilty plea, which he would not have otherwise entered. Id. at 2.

**APPLICABLE LAW**

*1.  Guilty pleas.*

The Eleventh Circuit teaches that, in the context of plea agreements: "A guilty plea, if induced by promises or threats which deprive it of the character of a voluntary act, is void. A conviction based upon such a plea is open to collateral attack." Winthrop-Redin v. United States, 767 F.3d 1210, 1216 (11th Cir. 2014) (quoting Machibroda v. United States, 368 U.S. 487, 493 (1962)).  "At the same time, plea bargaining retains its benefits of certainty and efficiency 'only if dispositions by guilty plea are accorded a great measure of finality.'" Id. (quoting Blackledge v. Allison, 431 U.S. 63, 71 (1977)).

---

[3]  The Bureau of Prisons ("BOP") provides a list of the applicable "criteria and procedures when considering an inmate for early release pursuant to 18 U.S.C. § 3621(e)(2)(B) for successful completion of the Residential Drug Abuse Program."  See https://www.bop.gov/policy/progstat/5331_002.pdf.   The program excludes "[i]nmates who have a current felony conviction for:" *inter alia*, "An offense that involved the carrying, possession, or use of a firearm or other dangerous weapon or explosives (including any explosive material or explosive device)[.]" Id.

With regard to plea hearings, "the representations of the defendant, his lawyer, and the prosecutor at such a hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity." Blackledge, 431 U.S. at 73-74. See also United States v. Rogers, 848 F.2d 166, 168 (11th Cir. 1988) ("[W]hen a defendant makes statements under oath at a plea colloquy, he bears a heavy burden to show his statements were false.").

In a case where the "defendant is represented by counsel during the plea process and enters his plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice 'was within the range of competence demanded of attorneys in criminal cases.'" Hill v. Lockhart, 474 U.S. 52, 56 (1985) (quoting McMann v. Richardson, 397 U.S. 759, 771 (1970)).

### 2. *Ineffective assistance of counsel.*

A claim for ineffective assistance of counsel under 28 U.S.C. § 2255 is subject to the two-pronged test set out in Strickland v. Washington, 466 U.S. 668 (1984). Strickland requires a criminal defendant to show that: (1) counsel's performance was deficient and (2) the deficiency prejudiced the defendant. Id. at 687. "Although *Strickland* dealt with a claim of ineffective assistance in a capital sentencing proceeding, the same two-part standard has been held to apply to ineffective assistance claims arising out of the plea process." Tahamtani v. Lankford, 846 F.2d 712, 714 (11th Cir. 1988) (citing Hill, 474 U.S. at 52).

As to the first prong, deficient performance means performance outside the wide range of professionally competent assistance. Strickland, 466 U.S. at 690. The judiciary's scrutiny of counsel's performance is highly deferential. Id. at 689. "Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome

6

the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'"  Id. (quoting Michel v. Louisiana, 350 U.S. 91, 101 (1955)).  "In reviewing counsel's performance, a court must avoid using 'the distorting effects of hindsight' and must evaluate the reasonableness of counsel's performance 'from counsel's perspective at the time.'"  Chandler v. United States, 218 F.3d 1305, 1316 (11th Cir. 2000) (quoting Strickland, 466 U.S. at 689).  In order for counsel's performance to be considered unreasonable, it must be such that "no competent counsel would have taken the action that . . . counsel did take."  Grayson v. Thompson, 257 F.3d 1194, 1216 (11th Cir. 2001) (emphasis omitted) (citing Holladay v. Haley, 209 F.3d 1243, 1253 n.6 (11th Cir. 2000)).

As to the second prong, a defendant establishes prejudice by showing that, but for counsel's deficient performance, there is a reasonable probability the outcome of the proceedings would have been different.  Strickland, 466 U.S. at 694.  A reasonable probability is a probability sufficient to undermine confidence in the outcome of the proceedings. Id.  In the plea context, this requires a showing by defendant that "he would have pleaded not guilty and insisted on going to trial."  Hill, 474 U.S. at 60.

A defendant must satisfy both the deficiency and prejudice prongs set forth in Strickland to obtain relief on an ineffective assistance of counsel claim; failure to establish either prong is fatal and makes it unnecessary to consider the other one.  Strickland, 466 U.S. at 697.  The Eleventh Circuit has recognized that, given the principles and presumptions associated with ineffective assistance claims, "the cases in which habeas petitioners can properly prevail are few and far between."  Chandler, 218 F.3d at 1313 (alteration omitted) (quoting Waters v. Thomas, 46 F.3d 1506, 1511 (11th Cir. 1995)).  The burden of persuasion on the movant is preponderance of the evidence.  Id.

7

## DISCUSSION

As noted above, Kim predicates his Motion to Vacate on two purportedly false promises allegedly made to him by Attorney Rubino: (1) that Kim could participate in the RDAP; and (2) that Kim would not receive the two-level enhancement for maintaining a drug-involved premises. However, during the course of the plea colloquy, Kim made no mention of these alleged promises to the Court and affirmatively stated that no promises had been made to him beyond those contained in the Plea Agreement.  Kim's bare allegations in the Motion to Vacate are insufficient to satisfy the heavy burden of showing that his statements under oath were false.  Rogers, 848 F.2d at 168.

Assuming, *arguendo*, that Kim had met this burden, his claim that Attorney Rubino's performance fell outside the wide range of professionally competent assistance still fails. Strickland, 466 U.S. at 690.  Attorney Rubino's withdrawal of his objection to the two-level enhancement for maintaining a drug-involved premises was not unreasonable in light of the Court's agreement to adopt the parties' joint recommendation for a sentence of 120 months, which was one month less that the result of sustaining the objection.  In his reply, Kim speculates that a successful objection would have resulted in a reduction of fifteen months below the bottom guideline level of 121 months, for an ultimate sentence of 106 months.  See Reply to Response to Motion to Vacate (hereafter, "Reply") [D.E. 15 at 3-4].  However, there is no basis whatsoever for Kim's speculation that the Court would have sentenced him below the statutory minimum sentence of 120 months, which is the sentence that the Court actually imposed, pursuant to the parties' agreement.  See Sentencing Transcript [Case 18-20270, D.E. 38 at 3-5, 9].  Moreover, Attorney Rubino did advocate for Kim to be placed in the RDAP and the Court accepted his recommendation.  Id. at 8-9.  Kim contends that Attorney Rubino's advocacy makes no difference

because what he proposed "was never a realistic outcome, as the Petitioner is not eligible for RDAP relief."  See  Reply [D.E. 15 at 3].  However, given that neither defense counsel nor the courts dictate to the BOP how to implement its programs, Kim cannot reasonably claim that Attorney Rubino's so-called promise had any binding effect.

Even assuming that Kim could prevail on the Strickland performance prong, he cannot prevail on the prejudice prong.  To do so, Kim would have to show a reasonable probability that, absent Attorney Rubino's purportedly false promises, "he would have pleaded not guilty and insisted on going to trial."  Hill, 474 U.S. at 60.  Kim cannot make such a showing.  The Plea Agreement provided for dismissal of Count 3, which charged Kim with possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i).  See Indictment [Case 18-20270, D.E. 12].  Had Kim gone to trial and been convicted of this offense in addition to the other ones charged in the Indictment, he would have been subject to a minimum mandatory five-year sentence to be served consecutively.  See 18 U.S.C. § 924(c)(1)(A)(i).  Given Kim's trial exposure of a combined minimum 15-year sentence, there is no reasonable probability that Kim would have rejected the 10-year plea offer and elected to go to trial.  Hill, 474 U.S. at 60.

Thus, Kim does not meet the Strickland requirements for ineffective assistance of counsel

## RECOMMENDATION

Based on the foregoing considerations, it is RESPECTFULLY RECOMMENDED that Kim's Motion to Vacate be DENIED.

The parties have **fourteen (14) days** from the date of receipt of this Report and Recommendation within which to serve and file objections, if any, with the Honorable Jose E. Martinez, United States District Judge.  See Local Magistrate Rule 4(b).  Failure to timely file objections shall bar the parties from attacking on appeal the factual findings contained herein.  See

Resolution Tr. Corp. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993). Further, "failure to object in accordance with the provisions of [28 U.S.C.] § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." See 11th Cir. R. 3-1 (I.O.P. - 3).

RESPECTFULLY SUBMITTED in Chambers at Miami, Florida, this 17th day of November, 2020.

ALICIA M. OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE

Copies provided via CM/ECF to:

United States District Jose E. Martinez
Counsel of Record